**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| ANR PIPELINE COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| B&B METAL PROCESSING CO., INC., | ) | |
| ELDORADOS LAND ACQUISITIONS LLC, | ) | |
| ERIC R. BURROWS, and | ) | |
| ROBERT T. BURROWS, JR., | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff ANR Pipeline Company, LLC ("ANR") files this Complaint to protect its three high-pressure natural gas pipelines from interference by Defendants B&B Metal Processing Co., Inc. ("B&B"), Eldorados Land Acquisitions LLC ("Eldorados"), Eric R. Burrows ("Eric"), and Robert T. Burrows, Jr. ("Robert") (collectively, "Defendants"), who have substantially changed the use of the property where the pipelines are located and encroached on and interfered with the Right of Way that has existed on the property since 1949, and states and alleges as follows:

### INTRODUCTION

1. ANR owns and operates three high-pressure natural gas pipelines on the property at issue in this litigation, the first of which was put into service in 1950.

2. The Defendants are encroaching on the pipelines and their right-of-way and easement, which has the potential to both directly damage the pipelines and also interfere with ANR's ability to test and monitor its pipelines, access the lines quickly in the event of an emergency, and as a result, creates a threat to public safety.

1

3. ANR files this action to enforce a September 27, 1949 Right of Way recorded in Sheboygan County, Wisconsin and an October 2017 Easement Encroachment Agreement; to enjoin Defendants from intentionally and unreasonably interfering with and encroaching on ANR's right-of-way now and in the future through their use of the property for the storage of scrap metal, extensive excavation work within the right-of-way, their construction, additions to, and/or maintenance of buildings and concrete slabs within the right-of-way, and their repeated operation of heavy semi-trucks within the right-of-way; to enjoin Defendants from engaging in excavation work inconsistent with Wis. Stat. § 182.0175; and to protect its pipelines and the public from potential harm due to the interference and unauthorized encroachments.

4. Specifically, while the prior owner of the property used the surface of the subject tract for keeping cattle, Defendants have now substantially changed the use of the property in connection with converting the property's use to a scrap metal business, which entails additional encroachment burdens on the existing pipelines.

5. ANR also seeks compensatory damages from Defendants because Eldorados has breached the Right of Way and Easement Encroachment Agreement, and Defendants have intentionally and unreasonably interfered with ANR's property rights and performed excavation work in violation of Wis. Stat. § 182.0175.

## THE PARTIES

6. Plaintiff ANR Pipeline Company, LLC f/k/a Michigan Wisconsin Pipe Line Company, is a Delaware limited liability company with a principal place of business at 700 Louisiana Street, Suite 1300, Houston, TX 77002. ANR is wholly owned by TC Energy Corporation, a federal corporation organized under the Canada Business Corporations Act, with its principal place of business located in Calgary, Alberta, Canada. ANR is engaged in the natural

2

gas industry and constructs, owns, operates, and maintains interstate pipelines for the transmission of natural gas and its by-products.

7. Defendant B&B Metal Processing Co., Inc. is a Wisconsin corporation with a principal place of business at 14520 Pioneer Road, Newton, WI 53063.

8. Defendant Eldorados Land Acquisitions LLC is a Wisconsin limited liability company with a principal place of business at W5865 County Line Road, Elkhart Lake, WI 53020.

9. Defendant Eric R. Burrows is an individual residing at W5865 County Line Road, Elkhart Lake, WI 53020.

10. Defendant Robert T. Burrows, Jr. is an individual residing at 14520 Pioneer Road, Newton, WI 53063.

11. Upon information and belief, Eldorados owns approximately 35 acres of real property located in the City of Sheboygan Falls, Sheboygan County, Wisconsin, identified as Tax Parcel No. 59026383040 (the "Property") (outlined below):



**JURISDICTION AND VENUE**

12.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between ANR and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Property is located in Sheboygan County, Wisconsin, which is within the District.

**FACTUAL BACKGROUND**

14.     ANR owns a right-of-way and easement by virtue of a September 27, 1949 Right of Way Contract recorded on December 30, 1949 at Volume Z, Page 370, Doc. No. 535574 with the Sheboygan County, Wisconsin Register of Deeds (the "Right of Way") across the Property, which is now owned by Eldorados. The Right of Way is attached as **Exhibit 1**.

15.     The Right of Way grants ANR the exclusive right to "construct, reconstruct, renew, operate, maintain, inspect, alter, repair, remove and re-lay a gas or oil pipe line or pipe lines as may be necessary or convenient for such operations" in the right-of-way and easement across the Property "with entrance and exit to and from the same." *See id.*

16.     The Right of Way expressly excepts from the landowner's use and enjoyment of the easement the purposes granted to ANR, including but not limited to operating, maintaining, inspecting, repairing, removing and re-laying its pipelines, as well as entrance to and exit from the same. *See id.*

17.     The Right of Way also provides that "the terms, conditions and provisions hereof shall be extended to and be binding upon the heirs, executors, administrators, personal representatives, successors and assigns of the parties." *See id.*

18.     Pursuant to the Right of Way, ANR installed three natural gas pipelines within the right-of-way and easement across the Property as follows:

    a.  ANR 380-09: 6-inch-diameter pipeline installed in 1950;

    b.  ANR 1-380-09: 6-inch-diameter pipeline installed in 1956; and

    c.  ANR 2-380-09: 10-inch-diameter pipeline installed in 2002.

19.     These pipelines serve a large portion of eastern Wisconsin, including Sheboygan and Manitowoc.

20.     These pipelines have been certificated by the Federal Energy Regulatory Commission ("FERC") as necessary for the public interest. The FERC Certificate of Public Convenience and Necessity is attached as **Exhibit 2**.

21.     As set forth in the FERC Certificate, ANR is required to design, install, inspect, test, construct, operate, replace, and maintain its pipelines in accordance with Federal safety standards and plans for maintenance and inspection. *See id.*

22.     After ANR acquired the Right of Way, Ronald J. Burrows Sr. ("Ronald") acquired the Property by deed dated April 13, 2016 and recorded on April 15, 2016 at Doc. No. 2019084 with the Sheboygan County, Wisconsin Register of Deeds. The deed is attached as **Exhibit 3**.

23.     Ronald acquired the Property subject to ANR's Right of Way.

24.     In October 2017, ANR and Ronald executed an easement encroachment agreement (the "Encroachment Agreement") for the purposes of allowing Ronald to keep cattle on the Property. Specifically, ANR granted "[Ronald], [his] successors and assigns, the approval to install an animal corral, a metal corral fence, a cement feed slab/driveway crossing and associated earthwork" as shown in the sketches attached to the agreement. The Encroachment Agreement is attached as **Exhibit 4**.

5

25. Among other things, the Encroachment Agreement provides:

    a. All work must comply with the conditions of the agreement, any further changes to the design and/or construction must be pre-approved in advance by ANR, and ANR must have a representative on site at all times when work is being performed over/near its pipelines and/or within its right-of-way and easement;

    b. At least 72 hours prior to any work on or near ANR's pipelines, and/or within its Right of Way and Easement in the future, ANR must be called and will have a representative on standby.

    c. Any contractor or subcontractor must submit Diggers Hotline tickets (811) for each different phase that involves earth disturbance;

    d. Fence posts must be installed no closer than five feet from the pipelines; and

    e. No new structures or other obstructions may be erected or placed upon ANR's permanent right-of-way and easement area without written permission.

*Id.* at ¶¶ 1, 2, 3, 5, 8.

26. Ronald also acknowledged that ANR was then and would "continue to utilize the land included within said easement for pipeline purposes," and in doing so, "may at any time, or from time to time, enter upon said land, place and transport machinery and equipment thereon, and excavate trenches and ditches thereon." *Id.* at ¶ 4.

27. Ronald agreed that all of "Grantor's approval requirements herein must be followed and [a]ll reasonable costs incurred in completing the project shall be paid by the Grantee." *Id.* at ¶ 11.

28. Ronald also agreed that "[Ronald], [his] successors and assigns expressly agree[ed] to indemnify, defend (including any and all attorney's fees incurred by [ANR]), and save harmless [ANR], its officers, contractors, agents and employees from and against any and all such loss, damage or injury." *Id.*

29. The Encroachment Agreement further provides that it "shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns." *Id.*

30. Upon information and belief, Ronald died on or about April 8, 2023.

31. On April 5, 2024, Robert, in his capacity as personal representative of Ronald's estate, conveyed the Property to Eldorados by personal representative's deed recorded on April 8, 2024 at Doc. No. 2162327 with the Sheboygan County, Wisconsin Register of Deeds. The deed is attached as **Exhibit 5**.

32. As successor-in-interest to the grantors, Eldorados acquired the Property subject to the Right of Way and Encroachment Agreement and is bound by the terms of these agreements.

33. As the personal representative of Ronald's estate, Robert knew or should have known that Eldorados acquired the Property subject to the Right of Way and Encroachment Agreement and is bound by the terms of these agreements.

34. Upon information and belief, Eric is the sole member and manager of Eldorados. As the sole member and manager of Eldorados, Eric knew or should have known that Eldorados acquired the Property subject to the Right of Way and Encroachment Agreement and is bound by the terms of these agreements.

35. Upon information and belief, Eric and Robert are the sole shareholders and officers of B&B—an entity that is now operating its business on the Property. Because Robert is the personal representative of Ronald's estate, Eric is the sole member and manager of Eldorados, and Eric and Robert are the sole shareholders and officers of B&B, B&B also knew or should have known that the Property is subject to the Right of Way and Encroachment Agreement.

36. Defendants have now substantially changed the use of the Property and previously approved encroachments by converting the Property to a scrap metal business, which entails additional encroachment burdens on the pipelines, including, upon information and belief,

additional concrete and structure construction, heavy truck traffic, and the storage of scrap metal over the pipelines.

37. Specifically, despite ANR's recorded Right of Way and the Encroachment Agreement, ANR recently discovered that Defendants have:

    a. Performed extensive excavation work within the right-of-way;

    b. Constructed additional or added onto buildings and concrete slabs within the right-of-way (well beyond those permitted by the Encroachment Agreement); and

    c. Repeatedly operated and continue to operate heavy semi-trucks over ANR's pipelines.

38. The excavation, construction, and repeated truck traffic occurred and is occurring directly on top of ANR's pipelines (shown in green below) without the approval of ANR:



39. The location of the encroachments prevents ANR from accessing its pipelines to operate, maintain, inspect, repair, remove or re-lay them (all of which are expressly granted to ANR by the Right of Way), and prevents ANR from carrying out its obligations under its FERC certificate.

8

40. In addition to the new encroachments, the change in the use of the Property, including the previously approved encroachments, creates a safety hazard and greatly increases the risk of mechanical damage and cross stress to ANR's pipelines. Notably, ANR determined:

a. The structural encroachments obstruct ANR's ability to directly access the pipelines, thereby delaying leak detection, isolation, and emergency response, while simultaneously increasing the likelihood and severity of a leak or rupture;

b. In the event of a leak, the structural encroachments could trap natural gas and create conditions for confined explosions if ignited (a risk heightened by the buildings' multiple ignition sources, including electrical outlets, equipment, vehicles, and propane lines);

c. Static structural loads from the unauthorized construction increase stress on the Pipelines, potentially causing coating damage and long-term integrity degradation, while ongoing cyclic loading from occupancy, repeated truck traffic, and environmental factors contribute to fatigue and accumulated damage; and

d. Ongoing construction activities, including excavation and heavy equipment crossings, pose a direct risk of deforming, denting, gouging, or rupturing the Pipelines, and any such deformation could prevent in-line inspection tools from passing through, thereby compromising ANR's ability to detect and address integrity threats.

41. Defendants did not seek ANR's advance pre-approval of this design and/or construction work and did not submit Diggers Hotline tickets (811) at all or in a manner that accurately described the intended excavation activity for each different phase that involves earth disturbance in advance of such work.

42. Wisconsin's One Call Law requires excavators and any person responsible for preparing excavation plans and specifications to take certain steps prior, during and after excavation work that may interfere with transmission facilities. *See generally* Wis. Stat. § 182.0175.

43. Among other things, the statute requires that an excavation notice must include a "description of the intended excavation activity," and that an excavator must "[p]rovide advance

9

notice not less than 3 working days before the start of non-emergency excavation to the one-call system," and "[r]efrain from backfilling an excavation until an inspection is conducted and any necessary repairs have been made by the owner of the transmission facility." Wis. Stat. §§ 182.0175(2)(bm)(4) and 182.0175(2)(am)(1) & (6).

44. Despite the terms of the Right of Way and Encroachment Agreement and the requirements set forth in Wisconsin's One Call Law, on April 30, 2026, Eric submitted an excavation notice indicating that he would solely be performing "landscaping." In reality, Defendants performed extensive excavation work well beyond "landscaping" activities directly over ANR's pipelines *prior* to submitting the excavation notice, and did not allow ANR to perform an inspection before backfilling.

45. Defendants' actions have intentionally and unreasonably injured and interfered with ANR's property rights, its ability to access and safely and effectively access, operate, maintain, inspect, repair, remove or re-lay its pipelines, have exceeded the limited permissions granted under the Encroachment Agreement, and have violated Wis. Stat. § 182.0175.

46. On May 7, 2026, ANR sent Defendants a letter demanding that they immediately cease and desist from all excavation, construction and truck traffic within ANR's right-of-way. A copy of the demand letter is attached as **Exhibit 6**.

47. On July 28, 2026, ANR contacted Eric and requested to meet to discuss relocation of the encroachments on ANR's right-of-way and easement. Eric declined to meet and indicated that the issue would need to be resolved through the court system.

48. Defendants have not responded to the letter and have otherwise refused to comply with ANR's demand.

10

**COUNT I**
**Declaratory Judgment**
**(against all Defendants)**

49. ANR incorporates by reference the allegations set forth above as though fully set forth herein.

50. An actual controversy exists between ANR and Defendants regarding ANR's property rights under the Right of Way and Encroachment Agreement, and Defendants' obligation not to interfere with ANR's right-of-way and easement.

51. This Court is authorized pursuant to 28 U.S.C. §§ 2201-2202 to declare the rights and obligations of the parties to this action.

52. The Right of Way provides ANR with a right-of-way and easement free from interference by Defendants.

53. The Encroachment Agreement solely permits the installation of an animal corral, a metal corral fence, a cement feed slab/driveway crossing and associated earthwork within the right-of-way.

54. By changing the use of the Property, performing extensive excavation work and permitting additions to and/or buildings and concrete slabs within the right-of-way, and repeatedly operating heavy semi-trucks over the pipelines, Defendants have interfered with ANR's right-of-way and easement, and its ability to access and safely and effectively access, operate, maintain, inspect, repair, remove and re-lay its pipelines.

55. ANR seeks the following declarations of its rights under the Right of Way and Encroachment Agreement:

   a. ANR is entitled to a right-of-way and easement free from Defendants' interference, including their extensive excavation work and their construction of additions to and/or new buildings and concrete slabs within the right-of-way, and their operation of heavy semi-trucks over the pipelines;

b.  Defendants' extensive excavation work and construction of additions to and/or new buildings and concrete slabs within the right-of-way, and operation of heavy semi-trucks over the pipelines, exceeds the Right of Way and the limited permissions granted under the Encroachment Agreement; and

c.  Defendants are obligated to keep the right-of-way and easement free of interference, including by not performing excavation work or constructing additional buildings and concrete slabs within the right-of-way, or operating heavy semi-trucks over the pipelines.

56.  ANR has suffered and will continue to suffer irreparable injury as a result of Defendants' ongoing interference with ANR's right-of-way and easement and is also entitled to injunctive relief. In the absence of injunctive relief, ANR will continue to suffer immediate irreparable harm for which there is no adequate remedy at law.

## <u>COUNT II</u>
### Breach of Contract
### (against Eldorados)

57.  ANR incorporates by reference the allegations set forth above as though fully set forth herein.

58.  The Right of Way and Encroachment Agreement are valid and enforceable.

59.  ANR is a party to the Right of Way and Encroachment Agreement.

60.  As successor-in-interest to the grantors, Eldorados is a party to the Right of Way and Encroachment Agreement.

61.  Eldorados acquired the Property subject to the Right of Way and Encroachment Agreement and is bound by the terms of these agreements.

62.  By performing extensive excavation work and constructing additions to and/or new buildings and concrete slabs within the right-of-way (well beyond those permitted by the Encroachment Agreement), and repeatedly operating heavy semi-trucks over the pipelines, Eldorados has breached the terms of the Right of Way.

12

63. By failing to comply with the express terms of the Encroachment Agreement, including obtaining advance notice from ANR before making any changes to the approved encroachments, providing 72 hours' notice to ANR prior to any work on or near the pipelines and/or within the Right of Way and Easement, submitting a Diggers Hotline ticket prior to any earth disturbance, and constructing, adding onto, or permitting structures and other obstructions within the right-of-way and easement without written permission, Eldorados has breached the Encroachment Agreement.

64. As a direct and proximate result of Eldorados' breaches of the Right of Way and Encroachment Agreement, ANR has suffered and will continue to suffer damages in an amount to be determined at trial.

65. As a direct and proximate result of Eldorados' ongoing breaches of the Right of Way and Encroachment Agreement, ANR has also suffered and will continue to suffer irreparable injury and is entitled to injunctive relief. In the absence of injunctive relief, ANR will continue to suffer immediate irreparable harm for which there is no adequate remedy at law.

**<u>COUNT III</u>**
**Private Nuisance**
**(against all Defendants)**

66. ANR incorporates by reference the allegations set forth above as though fully set forth herein.

67. ANR has an interest in the Property pursuant to its Right of Way.

68. Defendants' extensive excavation work and the construction and maintenance of additions to and/or new buildings and concrete slabs within the right-of-way, and repeated operation of heavy semi-trucks over the pipelines, has injured and unreasonably interfered with

ANR's use and enjoyment of its right-of-way and easement and its ability to access and safely and effectively operate, maintain, inspect, repair, remove, and re-lay its pipelines.

69. Defendants knew that their conduct resulted in, or was substantially certain to result in, injury to and unreasonable interference with ANR's use and enjoyment of its right-of-way and easement.

70. As a direct and proximate result of Defendants' maintenance of a private nuisance, ANR is entitled to bring an action to redress past injury, restrain further injury, abate the source of injury and obtain other appropriate relief pursuant to Wis. Stat. § 844.01.

71. As a direct and proximate result of Defendants' maintenance of a private nuisance, ANR has suffered and will continue to suffer damages in an amount to be determined at trial.

72. As a direct and proximate result of Defendants' ongoing maintenance of a private nuisance, ANR has also suffered and will continue to suffer irreparable injury and is entitled to injunctive relief. In the absence of injunctive relief, ANR will continue to suffer immediate irreparable harm for which there is no adequate remedy at law.

<u>**COUNT IV**</u>
**Violation of Wis. Stat. § 182.0175 (Wisconsin's One-Call Law)**
**(against all Defendants)**

73. ANR incorporates by reference the allegations set forth above as though fully set forth herein.

74. ANR's pipelines constitute a "transmission facility" as defined by Wisconsin's One Call Law, Wis. Stat. § 182.0175(1)(c).

75. Per Wis. Stat. §§ 182.0175(2)(bm)(4) and 182.0175(2)(am)(1) & (6), an excavation notice must include a "description of the intended excavation activity," and an excavator must "[p]rovide advance notice not less than 3 working days before the start of non-emergency

14

excavation to the one-call system," and "[r]efrain from backfilling an excavation until an inspection is conducted and any necessary repairs have been made by the owner of the transmission facility."

76. Wis. Stat. § 182.0175(5) provides that: "If any person engages in or is likely to engage in excavation inconsistent with this section and which results or is likely to result in damage to transmission facilities, the person who owns or operates the facilities may seek injunctive relief in the circuit court for the county in which the transmission facilities are located."

77. As set forth herein, Defendants have performed and are likely to continue performing extensive excavation work without:

    a. Providing an accurate description of the intended excavation activity;

    b. Providing advance notice not less than 3 working days before their excavation activities; and

    c. Allowing ANR to perform an inspection before backfilling.

78. Defendants' violations of Wis. Stat. § 182.0175 have resulted or are likely to result in damage to ANR's pipelines.

79. As a direct and proximate result of Defendants' violations of Wis. Stat. § 182.0175, ANR has suffered and will continue to suffer irreparable injury and is entitled to injunctive relief. In the absence of injunctive relief, ANR will continue to suffer immediate irreparable harm for which there is no adequate remedy at law.

WHEREFORE, Plaintiff ANR Pipeline Company, LLC respectfully requests that this Court:

    A. Enter an order declaring that:

        a. ANR is entitled to a right-of-way and easement free from Defendants' interference, including their change in use of the Property and permitted encroachments,

extensive excavation work and additions to and/or new buildings and concrete slabs, and their operation of heavy semi-trucks over the pipelines;

b. Defendants' change in use of the Property and permitted encroachments, extensive excavation work and construction and maintenance of additions to and/or new buildings and concrete slabs within the right-of-way, and operation of heavy semi-trucks over the pipelines, exceeds the Right of Way and the limited permissions granted under the Encroachment Agreement; and

c. Defendants are obligated to keep the right-of-way and easement free of interference, including by not changing the use of the right-of-way and easement and permitted encroachments, performing excavation work or constructing or maintaining additions to and/or new buildings and concrete slabs within the right-of-way, and/or repeatedly operating heavy semi-trucks over the pipelines;

B. Enter judgment against Defendants and award compensatory damages in an amount to be determined at trial, but not less than $75,000, exclusive of costs and interest;

C. Enter a permanent injunction prohibiting Defendants from further intentional and unreasonable interference with ANR's right-of-way and easement and its rights under the Right of Way and Encroachment Agreement, and from further violating Wis. Stat. § 182.0175;

D. An award of reasonable attorneys' fees and costs, and pre- and post-judgment interest as allowed by contract and law; and

E. Grant such other relief as this Court may deem just and proper.

Dated: August 10, 2026

Respectfully submitted,

*/s/ Joyce C. Williams*
Joyce C. Williams
Wis. State Bar No. 1089923
*Attorney for Plaintiff ANR Pipeline Company, LLC*
REED SMITH LLP
1900 Lawrence Street, Suite 2800
Denver, Colorado 80202
Tel: (303) 552-3800
Email: joyce.williams@reedsmith.com